# CIRCUIT COURT OF BALTIMORE CITY

Filed June 29, 1889.

### DANIEL HOOVER
### VS.
### VICTOR MURGUIONDO ET AL.

*Savage & Taylor* for plaintiff.

*B. F. Hurwitz & Son* for defendant.

DENNIS, J.—

Daniel Hoover, of Waynesboro, Pa., and president of the Geiser Manufacturing Company, in December, 1887, bought a fifth undivided interest in a tract of land adjoining Druid Hill Park at a sale under a mortgage from Victor de Murguiondo to Elias Livezey. In November, 1888, Hoover filed his bill for a partition of this tract among the parties interested in Baltimore City, the property having in the meantime become included in the limits of Baltimore City by the terms of the annexation act. He alleged in his bill that he had discovered that prior to his purchase Victor Murguiondo, the mortgagor in the mortgage mentioned, had instituted suit in Baltimore City, after the execution of the mortgage, to have this property, as well as several lots situated in the city, sold for the purpose of division, they being incapable of partition. To this suit Livezey, the mortgagee, was also a party. In this latter suit a decree of sale was passed on July 6, 1885, and the lots sold, but the tract of land in the county was not sold. No part of these city proceedings were recorded in Baltimore County.

Nothing further was done in that suit, but later, as was first mentioned, Livezey, the mortgagee, caused Victor Murguiondo's interest to be sold and

Hoover purchased it. The other parties in interest demurred to Hoover's bill, claiming that he had no right to a partition, as the decree obtained in the city for selling the property was in force. For Hoover it was answered that inasmuch as the city proceedings had not been recorded in the county, as was required by Article 16, Section 72 of the Code, and Hoover had no actual notice of the existence of the decree of sale in the city, it was never operative on the county property, and by the express language of the Code, Article 66, Section 11, Hoover had purchased at the mortgage sale "all the title of the mortgagor at the time of the recording of the mortgage," which title was, therefore, prior and superior to the effect of the proceedings instituted by Victor Murguiondo in the city.

Judge Dennis so decided, and overruled the demurrer.